The District Court erred in four significant ways, each requiring reversal and remand. Unless the Court prefers otherwise, I would like to start with the constructive amendment argument. Counsel, if I could interrupt you, forgive me, but since we have so many visitors today, I'll give you another minute. But could you just quickly do a really brief summary of the fact pattern so that the folks are able to follow your argument? Absolutely. Mr. Bolds, Roderick Bolds, was alleged to have committed two different crimes in three different ways. So he was alleged to have done what's commonly referred to as sex trafficking of a minor. And specifically, he was first alleged to have brought a minor from one state to another for the purpose of engaging in prostitution. Second, he was alleged to have done so by using force, fraud, or coercion. And third, he was alleged to have done so not knowing what her age was. And some of those issues will be teased out in the next ten minutes. He was acquitted of the force, fraud, and coercion count. So what we have before your honors are the two other counts. Thank you, Counsel. That's helpful. So I will begin with the constructive amendment issue. What I think is really important to tease out here is that the government is claiming that there's strict liability, and therefore, because the grand jury passed on knowledge or reckless disregard, this reasonable opportunity to observe is just the same as deliberate ignorance, and the court need not go any further because it's subsumed by knowledge and reckless disregard. And that actually misses the point of the statute, and it misses the point of all of the cases that we all know well, that when there's a distinct element that is necessary for a conviction, that element or fact must be passed on by the grand jury in order for it to be presented to the petit jury. So here, yes, the reasonable opportunity to observe under 1591C does get rid of the knowledge or reckless disregard mens rea element, but it also adds an additional element, which is the reasonable opportunity to observe. And there is nothing in the indictment that says anything about the reasonable opportunity to observe. The indictment's just narrower than the statute. Correct. And so this is really just your classic case of a constructive amendment. It couldn't get more simple. What the grand jury returned an indictment on was knowledge or reckless disregard, and when the government went to the jury, the petit jury, they asked the court to instruct, and the court did so, on this additional theory reasonable opportunity to observe. That's also teased out by the Second Circuit in the Robinson case, and I think that the legislative history that's laid out in the Robinson case makes this all the more clear. So the statute was originally passed in 2000, and in 2000, it just had a knowledge requirement. That was the only mens rea possible in 2000. In 2008, Congress wanted to amend the statute. So the House passed their version, and they said, we don't want that knowledge thing in there anymore. We're going to say, you don't have to prove knowledge of the age. You can prove knowledge of the other things, but you don't have to prove knowledge of the age. That bill went to the Senate. The Senate said, eh, we're not so comfortable with that. We want knowledge or reckless disregard. So then they have two different versions of the bill. It goes to conference, and what do they come up with? They have the knowledge, the reckless disregard, and then they add this additional element. They say, if you have a reasonable opportunity to observe, then you don't have to prove the age. That has created a little bit of a circuit split with the 11th Circuit and the 2nd Circuit with the Mosey and the Robinson cases, but this Court, I don't think, needs to resolve that conflict, especially because Congress then amended the statute just in May of this year to clarify that that reasonable opportunity to observe can be used in lieu of knowledge or reckless disregard. But regardless, if they are going to go forward, if the government wants to go forward on a specific liability, then they must prove an additional fact that is necessary for the conviction. That was not presented to the grand jury. We have the classic constructive amendment case, reversal is mandatory. And so I— So how can we tell a variance from a constructive amendment? I hear your argument. I think it's a good argument, but I'm really struggling with how to tell the difference in these cases of why something's called an element and why it's not in other ones. So what I can tell the Court is just what the Court has told us, and Adamson is sort of the one case that goes through it. I don't think that we have a variance here. I think a variance is where you have facts that have been proven at trial that are materially different from those facts presented in the indictment. What we have here is a complete different element. And so when it's elements versus facts is sort of the only way I can sort of distinguish it. And that looks at what Adamson, I think, was trying to draw that distinction. Because if you look at it that way, the same facts would have been presented to the grand jury, and you're sort of just looking at it in a different light. Again, we didn't have that here. There was a complete different element, and there's nothing to suggest that reasonable opportunity to observe was presented to the grand jury, and I'll give the Court an example. You could have a conviction under 1591 for someone who on the Internet transported someone. They had conversations, they had a dialogue over the Internet, maybe even looked at a birth certificate over the Internet. There was all sorts of evidence, but they didn't observe the individual. And that's why it's so different, and that's why this element thing is different. So I know for a constructive amendment we're not supposed to ask about prejudice, but is there anything you would have done differently if – I mean, could you have defended any differently if this had been in the indictment? I think we could have, and we tried to, even knowing what the government – that the Court was going to instruct on the reasonable opportunity to observe. We tried to say, you know, get around that reasonable opportunity and talk about reckless disregard and knowledge. But the government argued it in their closing, and we would have been able to hammer, I think, more – excuse my colloquial language. Well, and the jury went straight to it with their question, right? Yeah, it went straight to it. I mean, they went straight to it. There was no question. When did – did the trial judge's response to that jury question for further clarification of that reasonable opportunity language, when the trial judge responded, stated that really it goes to the element that the government has to prove, and that is knowledge. Could that be considered some cure of the original instructions? I don't think so, Your Honor. I think that they still were hung up on what does this mean, and we're allowed to use this instead of knowledge or reckless disregard. And I don't think there's enough in the record to suggest that the court's instruction in any way cured it, and if Your Honor saw, we didn't think it did. And the court, by that point, was like, ugh, I don't – you can tell. He knew he'd be here today. He knew that this had created the problem. We had presented it. We had told him it was going to be a problem, and then it was a problem. And you know, you're a district court judge. You know you kind of hope the jury's going to figure it out. So they walked right into the trap, and we said, don't do this. Don't do this. Did the government introduce any evidence that purported to be actual knowledge, or were they just relying – because there's certainly testimony that she lied to him about her age. There is plenty of testimony that she lied to him, to everybody else, to the police, to everyone around. There was some suggestion at one point during her testimony about him looking at a document that may have had her age on it, but there was no conclusive evidence about her age. That's the only snippet that – That I can recall, Your Honor. Wasn't there also something about him offering to help her get an ID? I wondered if that was some kind of acknowledgment that she was underage and needed a fake ID. So actually, I thought the ID part was about getting her so that – because she was over 18, so that she could work. Oh, interesting. So I don't think that that was the suggestion in any way. If I may, I will reserve my last few minutes.  Sure. Thank you. May it please the Court. Good morning, Your Honors. Owen Mardikin for the government. There was no constructive amendment in this case, and though the defense didn't reach the other issues, we would argue there were no other errors in this trial either. But given the Court's interest in the constructive amendment issue, I'd like to start with that. And I think I'd like to start with what this Court held in the Wee Sung case earlier this year, where it talked about the two different kinds of constructive amendment, the first being the factual version. Was there a complex of facts that was somehow different from what is alleged in the indictment? And I don't understand that that's what's being argued here. It's really the second. Was the crime so substantially altered that there is some question about whether this grand jury would have indicted, had it been presented with the crime that the pettit jury was presented with? And I don't think the defense meets that test. Here, and I think Robinson is instructive in this case, because Robinson talks about how the reasonable opportunity language fits into the statute, as it is a substitute for the knowledge requirement. It says, well, there are two ways you can deal with the knowledge requirement. One is by showing actual knowledge, and the second is by doing this other thing, showing a reasonable opportunity. So you've been arguing, and the district judge agreed with you, that this reasonable opportunity to observe was a way to prove knowledge. But how do you reconcile that with the fact that the statute says that if reasonable opportunity is proven, the government need not prove that the defendant knew? It sounds like the statute is saying the very opposite. If you prove this other thing, you don't have to prove knowledge. So how do you say that that is a way of proving knowledge? It seems totally opposite to me. Well, and I think the way Robinson explained it is the correct way. Robinson says, well, this isn't a separate element. This just says what you don't have to prove that's in the original crime. And therefore, I think it's on page 32, the court says, the natural reading of the provision is that proof that the defendant had a reasonable opportunity to observe the victim may substitute for proof that the defendant knew the victim's underage statute. So, I mean, one way to think of that is you have a mens rea requirement of some sort, and as your opposing counsel is saying, this is another element, another way to prove mens rea, but it would be a totally different way. It's not a substitute for knowledge. It's an alternative element for that mens rea requirement. I have a lot of trouble figuring out how it can be a way to prove knowledge, which I think is really what you're saying because you want to get it into knowledge in the indictment when Congress said the exact opposite, that this is a way you don't have to prove knowledge. Well, and I think it's not – I wouldn't say it's a way to prove knowledge. I would say it's a way of satisfying the knowledge requirement because it's a substitute for proving it. But at that point, isn't it just like, I mean, if you have three different mens rea, do you think recklessness is a substitute for knowledge, or do you think that's a different element? No, but I think deliberate ignorance is a substitute for knowledge. This Court says that those are incompatible with each other, but yet one is a substitute for knowledge. So wouldn't proof of reckless disregard require some consideration of how the defendant acted, his words, his deeds, how the victim acted, as well as others? You have record evidence here at trial that the police officer even questioned, you know, how old she was when he observed her on the street. And isn't that – doesn't that comport with proof of knowledge, particularly in regards to the Court's response to the jury's question? And I'm going to compound this a bit, but say to you that if you're going with the theory that the giving of that instruction or reasonable opportunity comports with the indictment, it may be problematic. If you're saying, however, that it's proof of reckless disregard or some part of that, I'm trying to understand which way you're going. Okay, well, and it's interesting that in Robinson the Court said, well, maybe the reasonable opportunity to observe actually shows reckless disregard, but it doesn't prove it. And I'm not saying that the statute should be changed or interpreted as saying that a reasonable opportunity to observe also is a substitute for reckless disregard. I think those are different standards. But I think Congress was clear that that language was meant to be a substitute for showing knowledge. So I don't think there's any risk going back at what the actual test is here. Is there some risk that this grand jury, which actually indicted based on knowledge and reckless disregard, would not have indicted based on an additional reasonable opportunity to observe? But what is the basis for that? I mean, maybe we could imagine that the grand jury was given information about exactly how long the bus ride was, where he could observe her, et cetera. But we don't know that, do we? The indictment is so sparse. We don't know what facts the grand jury was told and whether they made a decision that he had a reasonable opportunity to observe. We don't know that. We know that the indictment says that he trafficked her for eight days. But that could have been done through an intermediary or something, right? Well, but there's no evidence that some different nucleus of facts was presented to the grand jury. What else would they have known? What else can we tell they absolutely knew from the indictment? I agree that it's awfully sparse. Are we overlooking something?  No, we're not. You're not, Your Honors. But the question is, were there facts induced at trial that were somehow different from what would have led this grand jury to indict? But that's what we don't know, right? We don't know. I mean, maybe we just don't know what the grand jury was told to lead to this indictment. It seems pretty likely that they were told enough facts that they also would have indicted on reasonable opportunity to observe. But we don't know that for sure. There's no way to tell. But we know that they found knowledge. So to say that this jury, which found— Well, we know they found knowledge or recklessness, right? Knowledge and recklessness. Well, but I don't think we assume when it's and in an indictment it could be or at trial, right? So we don't know that they found both? Well, I mean, they charged in the conjunctive. So I think the only way to read that is that they found knowledge and reckless disregard. That's what was charged in the indictment. So, I mean, just as the jury in its verdict found knowledge, though they were instructed on the reasonable opportunity to observe. So— But, I mean, maybe that would be this comment about maybe he saw a document. I mean, maybe they were told he saw a document with her age. Well, maybe, but that would be pure speculation. Well, but we don't know, right? They could have been told he saw a document with her age and not told about the bus ride. Again, it's speculation, but what we do know is that they found knowledge. So is there some question that they would not have indicted, that they would not have found knowledge and reckless disregard if they were also given a substitute for knowledge? I don't think that's a risk in this case. If the grand jury were told, you can indict for knowledge or you can indict for the substitute for knowledge. Well, I don't think that's what it would have been. It would have been they would have indicted for all three. They needed to indict for all three for the trial to be about all three. And the question we don't know is, would they have indicted on what they were told for reasonable opportunity to observe? And how do we know that?  It's no different than saying, well, the grand jury indicted on knowledge, but there was a deliberate ignorance instruction at trial. Now, those are completely incompatible. This court says one is tantamount to the other, but that they're inconsistent. You can't have both together. Yet, it's not constructive amendment for the pettit jury to find deliberate ignorance when the grand jury charged knowledge. One is a substitute for the other, and I think that's what the court said here in Robinson. Could the jury have been confused in any way by the court's response to their question for further clarification when he said that, well, really this goes to the issue of knowledge of the defendant? Well, I think the court, the question really was about the issue in Robinson. Because if you look at the line references in the jury's question, they were saying, well, this reasonable opportunity observed thing, does it apply to knowledge or does it also apply to the reckless disregard? And the court answered it consistently with Robinson. So I don't think they could have been confused about the issue before the court now. I think they may have been confused at the time about whether reasonable opportunity observed was also a substitute for recklessness. But I think in this case where the grand jury found knowledge, where the conviction was for knowledge, and where the pettit jury was instructed on a substitute for knowledge, that there is no chance that what this court was worried about in Wee Sung could have happened, that the grand jury, having gotten an instruction on the substitute of knowledge, would have just said, oh, it's a no bill on that. Because they found knowledge. They found the one thing that it was a substitute for. And I don't know what the court's interest is in the other issues. I think there's controlling precedence on basically all of them and that the statute isn't vague. So I'm willing to submit if Your Honors don't have more questions. Thank you, counsel. Thank you. I'll just briefly respond to those issues. Just with respect to Wee Sung, it was about the facts in the indictment. And again, as Your Honors have pointed out, there were very bare bones facts in the indictment. We have nothing to suggest that this reasonable opportunity to observe was presented. And reasonable opportunity to observe is not the same as deliberate ignorance. Otherwise, they wouldn't have needed this additional language, and it's not the same as knowledge. And I also think it's important to recognize that this court in Shipsey, in Pazitz, in Ward, and the Supreme Court in Russell has said, you can't fritter away this grand jury requirement. It's meaningful. It's not just about notice. It's about having a jury of your peers pass on the evidence and the elements so that you can only be held to answer on that charge. I do want to turn briefly, my last minute, I'm going to use it for this Flores-Figueroa argument. I know that there are these other circuits that have decided otherwise. I understand why it may seem like it's an uphill battle. But to me, I would ask these law students to even look at, look at the Supreme Court case, look at the statute they were interpreting, and look at the statute we're interpreting here. They are exactly the same. The problem is even if we think you have the better argument on that, we have to find that it's clearly irreconcilable with Taylor. And so many circuits, I mean, how could that even be possible when so many circuits have found otherwise? I'll tell you. Give it your best shot. Give it your best shot. You've got 30 seconds. My best shot is this. So there were two things that the Taylor court relied upon. One was the natural reading of the language. The Supreme Court said the ordinary English interpretation is the complete opposite. So that's one. Number two, they said because the conduct is already unlawful, it's just a penalty enhancement. That's exactly the same as 1028A. And what the government says of why it doesn't apply is because when you have an offense that requires a personal encounter, that that's the type of sex offenses where we don't require knowledge. There is nothing in 2423 that requires a personal encounter. Nothing. So it's not, it doesn't fall into that. So it is exactly on all fours with Flores-Figueroa. I know it might feel icky, but it's just a matter of looking at what the Supreme Court said and looking at the case. Okay. That was 50 seconds. Sorry. Thank you for your argument, counsel. Thank you both. We'll go on to the next case.
judges: Lemelle, Christen, Friedland